## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Action No. **3:17-CR-134-L** |
| | § | |
| **PATRICIO RAMIREZ-TORRES** | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Government's Motion for a Final Forfeiture Order (Doc. 62), filed February 28, 2018. The court held a hearing on the matter on April 24, 2018. After careful consideration of the record, transcript of the hearing, and applicable law, the court grants the Government's Motion for a Final Forfeiture Order (Doc. 62) and determines that the preliminary order of forfeiture entered in this case (Doc. 34) is final as to third-party petitioner Rubicela Velazquez, pursuant to Federal Rule of Criminal Procedure 32.2(c)(2).

**I.    Factual and Procedural History**

Defendant Patricio Ramirez-Torres ("Defendant" or "Ramirez-Torres") pleaded guilty to Possession with the Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Methamphetamine, a Schedule II Controlled Substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841 (b)(1)(C). The Superseding Information that charged Defendant contained a forfeiture notice. Doc. 24, ¶7. On October 5, 2017, the court entered a Preliminary Order of Forfeiture that determined certain property, including a 2009 Audi A4, was subject to forfeiture, pursuant to 21 U.S.C. § 853. Doc. 34. The court directed the United States Marshals Service to seize the property and hold it in custody pending a final order of forfeiture. *Id*. On February 24, 2017, the 2009 Audi A4 was taken into custody by the United States Marshals Service. Doc. 37.

On December 12, 2017, Rubicela Velazquez ("Velazquez") filed a Seized Asset Claim Form pursuant to 21 U.S.C. § 853(n)(2), which allows a person asserting a legal interest in forfeited property to petition the court for a hearing to adjudicate the validity of his or her interest in the property. Doc. 45. Velazquez asserts that she owns the 2009 Audi A4; has no other transportation and requires the vehicle for work; and has made and continues to make payments on the car. Doc. 45 at 1. Attached to the Seized Asset Claim is a photocopy of a certificate of title from the Texas Department of Motor Vehicles ("TxDMV") stating that Velazquez is the owner of a 2009 Audi A4, and the previous owner is "Juan Flor o Rosa Ramirez." Doc. 45 at 3. The line marked "Signature of Owner or Agent" is blank, and the document indicates there are no lienholders on the vehicle. *Id.*

On February 28, 2018, the Government moved for the court to enter a final forfeiture order as to the 2009 Audi A4. It maintained that it was unable to reach an agreement with Velazquez as to her interest in the property. The Government contends that Ramirez-Torres purchased the 2009 Audi A4 with drug proceeds and used it to facilitate drug trafficking. The Government attaches a declaration[*] by Marcus West, a special agent of the Drug Enforcement Administration ("DEA"), which sets forth in relevant part that, during the investigation, agents observed Ramirez-Torres driving the 2009 Audi A4 throughout the Dallas, Texas area. Doc. 62-2 at 1. The declaration also describes a postarrest interview of Ramirez-Torres, during which he stated that he is the owner of and has title to the 2009 Audi A4; that he registered the vehicle in Velazquez's name to avoid law enforcement detention; and that he purchased the vehicle with cash in California prior to arriving to Texas. Doc. 62-2 at 2. The declaration describes an interview with Velazquez during which she

---

[*]The declaration is not dated as required by 28 U.S.C. § 1746. The court, however, can reasonably infer that the declaration was executed on or shortly before the Government's motion was filed, which was February 28, 2018. Under these circumstances, the court believes that a technical violation does not render the declaration void. Moreover, Agent West testified to the relevant facts set forth in the declaration at the hearing.

**Memorandum Opinion and Order – Page 2**

stated that she did not have a source of income and depended on Ramirez-Torres to support the family. The court set a hearing for April 24, 2018, to resolve the matter.

**II.     Applicable Authority**

Under 21 U.S.C. § 853, the United States is entitled to forfeiture of any property constituting or derived from the proceeds of certain illegal drug transactions, or any property used in any manner to commit or facilitate the commission of the illegal activity. Section 853(n) provides a procedure for third parties to assert a legal interest in forfeited property and petition the court to amend or set aside the forfeiture. To challenge a forfeiture successfully, the third-party petitioner must show by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
>
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under [section 853].

21 U.S.C. § 853(n)(6). Under 21 U.S.C. § 853(n), the legal right, title, or interest of a third party is determined by state law. *United States v. White*, 306 F. App'x 838, 840 (5th Cir. 2007).

When a district court enters a preliminary order of forfeiture against the defendant, it does so "without regard to any third party's interest in the property." Fed. R. Crim. P. 32.2(b)(2)(A). A preliminary order of forfeiture "remains preliminary as to third parties until the ancillary proceeding is concluded under Rule 32.2(c) [of the Federal Rules of Criminal Procedure]." Fed. R. Crim. P. 32.2(b)(4)(A). Under Rule 32.2(c), a district court is required to conduct an ancillary proceeding if a third party files a petition asserting an interest in the property to be forfeited. "When

**Memorandum Opinion and Order – Page 3**

the ancillary proceeding ends, the court must enter a final order of forfeiture by amending the preliminary order as necessary to account for any third-party rights." Fed. R. Crim. P. 32.2(c)(2).

## III.     Analysis

Velazquez argues that she is entitled to the 2009 Audi A4 vehicle because she has title to it pursuant to a certificate of title issued by the TxDMV; she has partially paid for it; and she had possession of the vehicle between November 2016, and February 2017, when it was forfeited. She contends that Ramirez-Torres at no time had a property interest in the vehicle. Accordingly, the court will review Velazquez's petition under 21 U.S.C. § 853(n)(6)(A), which requires her to show by a preponderance of the evidence that: (1) she has legal title or interest in the vehicle, and (2) such title or interest rendered the court's preliminary order of forfeiture invalid in whole or in part because the title or right was vested in Velazquez rather than Ramirez-Torres *at the time of the commission of the offense*. 21 U.S.C. § 853(n)(6)(A) (emphasis added).

At the hearing, Velazquez gave her version as to how she obtained vehicle and came to possess the certificate of title. She stated that her sister-in-law, Rosa Ramirez ("Ramirez"), originally purchased the vehicle and shared title with her husband, Juan Flor. Ramirez purchased the vehicle for her mother to use in connection with her cleaning business. Ramirez's mother used the car for a period of time until Ramirez moved to California with the vehicle. Ramirez contacted Velazquez from California and inquired whether she wanted the vehicle. Velazquez informed her she needed one and, subsequently, Ramirez drove it back to Texas on Thanksgiving day in 2016, which was November 24. At that time, Ramirez informed Velazquez that the vehicle was intended as a gift. Velazquez testified that "after that, [Ramirez] left, and a few days later," she went to the TxDMV and changed the title to be in her name. Transcript 8. Ramirez was not present for the transfer of title. The court asked Velazquez how she was able to transfer the title without the owner present, and she responded that "[t]hey only asked for the title to be signed at that location," and

**Memorandum Opinion and Order – Page 4**

Ramirez had signed it. Notably, Velazquez offered no records to the court that contain Ramirez's signature and corroborate this version of events. Velazquez stated that she paid a transfer of title fee, for which she has no receipt, and the certificate of title was then issued in her name. Velazquez testified that the car has been in her possession since Ramirez gave it to her on November 24, 2016, until it was seized by the Government in February 2017. During this period, Velazquez and Ramirez-Torres were living together, and she stated that he only drove the vehicle on one occasion. Transcript 17-18. Velazquez testified she did not purchase insurance on the vehicle. Transcript 48.

During cross-examination of Velazquez, the Government inquired about a written statement she made in the Seized Asset Claim Form that she had purchased the vehicle from Ramirez, in light of Velazquez's contradictory oral testimony that she received the vehicle as a gift. Velazquez explained that, when Ramirez-Torres was imprisoned for the federal offense in this case, he told her to deposit money to help him. Ramirez did not state a specific amount that she expected Velazquez to pay, and Velazquez agreed to the arrangement. Transcript 21.

The court determines that, in light of Velazquez's testimony at the hearing, she has failed to meet her burden under 18 U.S.C. § 853(n) to show by a preponderance of the evidence that she is entitled to the 2009 Audi A4 subject to forfeiture in this action. Section 853(n) instructs a court to determine whether a third-party petitioner's legal right, title, or interest in the property, with respect to that of a defendant, existed *"at the time of the commission of the acts which gave rise to the forfeiture of the property."* 21 U.S.C. § 853(n)(6)(A). The court, therefore, cannot consider any payments on the car that Velazquez made subsequent to Ramirez-Torres's arrest and incarceration, to the extent that she relies on those payments as a basis for having a legal interest in the vehicle. Velazquez maintains that she started making payments to Ramirez-Torres— allegedly as consideration to Ramirez for the vehicle—once Ramirez-Torres was incarcerated on the drug trafficking offense in this case.

**Memorandum Opinion and Order – Page 5**

Moreover, the court cannot consider the TxDMX certificate of title that Ramirez contends is an alternative basis for her legal entitlement to the vehicle under 18 U.S.C. § 853(n). The certificate of title that she presented to the court states that title was issued to her on January 27, 2017. According to the Presentence Investigation Report prepared for Defendant's sentencing, the offense was committed and concluded on November 17, 2016. Doc. 35-1 at 1, 4-5. The certificate of title issued on January 27, 2017, therefore, fails to establish that Velazquez had legal title to the car "at the time of the commission of the acts which gave rise to the forfeiture of the property," which was November 17, 2016. 21 U.S.C. § 853(n)(6)(A); *see United States v. Gamez*, 2013 WL 5779629 at *1 (N.D. Tex. Aug. 16, 2013) (determining that a third-party petitioner failed to establish he was entitled to the forfeited vehicle because, *at the time of the offense*, the defendant had sole possession and exercised dominion and control over it). Accordingly, the court need not reach the issue of whether, under Texas law, the unsigned certificate of title properly vested legal title in Velazquez when it was issued on January 27, 2017. As previously stated, the court also need not resolve whether Velazquez's payments to Ramirez-Torres—allegedly elicited by Ramirez as *ex post* consideration for the vehicle—gave rise to a legal property right, in spite of the initial arrangement between Velazquez and Ramirez that the vehicle be given as a gift.

The court also cannot conclude that Velazquez is entitled to the vehicle based on her taking possession of it on November 24, 2016, when Ramirez allegedly drove the vehicle from California to Texas. The offense concluded on November 17, 2016, prior to Ramirez's alleged transfer of the vehicle. Moreover, DEA Special Agent West testified that agents observed Ramirez-Torres driving the vehicle during the course of the investigation, and, during a postarrest interview, Ramirez-Torres stated that he purchased and owned the vehicle and put it in Velazquez's name. DEA Special Agent West further testified that putting a vehicle in another individual's name is a common practice by defendants in drug trafficking cases to avoid law enforcement detection.

Velazquez did not set forth any documents to corroborate her account that Ramirez was the original buyer with title to the vehicle, aside from the unsigned certificate of title indicating she was a prior owner. Based on the Government's credible competing testimony and lack of evidence to corroborate Velazquez's oral account of events, the court is unable to conclude that Velazquez has set forth sufficient evidence that establishes by a preponderance of the evidence that she has a legal title or right to the vehicle that was vested at the time of the commission of the acts which gave rise to the forfeiture of the property. 21 U.S.C. § 853(n)(6)(A).

## IV. Conclusion

Accordingly, the court **grants** the Government's Motion for a Final Forfeiture Order (Doc. 62) and determines that the preliminary order of forfeiture entered in this case (Doc. 34) is final as to Rubicela Velazquez, pursuant to Fed. R. Crim. P. 32.2(c)(2).

**It is so ordered** this 19th day of February, 2019.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge